# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| KENNETH D. JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-0532 |
| | § | |
| SUN WEST MORTGAGE COMPANY, INC., | § | With Jury Demand Endorsed |
| | § | |
| Defendant. | § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Kenneth D. Jones ("Plaintiff"), by and through counsel, for his Complaint against Defendant Sun West Mortgage Company, Inc. ("Sun West" or "Defendant"), states as follows:

## I. INTRODUCTION

1.      Defendant has engaged in willful, malicious, coercive, deceptive and harassing actions against Plaintiff in furtherance of Defendant's efforts to illegally collect from Plaintiff, *in personam*, a debt that was included in his bankruptcy case, while Defendant knew the real property securing the debt had been surrendered in Plaintiff's Chapter 7 bankruptcy, the Property was listed as being surrendered in Plaintiff's Statement of Intentions, and Plaintiff was protected by the bankruptcy's automatic stay and then the discharge injunction.  Plaintiff alleges that during the bankruptcy and even after the debt had been discharged, Defendant repeatedly called Plaintiff on his cell phone and sent monthly billing statements and other correspondence.

2.      Plaintiff claims Defendant violated: 1) Tex. Fin. Code § 392.001 *et seq.*, known as the Texas Debt Collection Act ("TDCA"); 2) the common law prohibiting invasion of privacy, 3) the automatic stay; and 4) the discharge injunction of the United States Bankruptcy Court for the

Northern District of Texas, Fort Worth Division.  Plaintiff seeks to recover from Defendant actual, statutory, and punitive damages, and legal fees and expenses.

## II. PARTIES

3.      Plaintiff is a natural person residing in Tarrant County, Texas, and he is a "consumer," as defined by the TDCA, Tex. Fin. Code § 392.001(1).

4.      Defendant is a foreign corporation that may be served by delivering a summons to its registered agent, Paracorp Incorporated, 14001 W HWY 29 Suite 102, Liberty Hill, TX 78642 USA.

5.      Defendant is a "creditor," "debt collector," and/or "third-party debt collector" under the TDCA, Tex. Fin. Code §§ 392.001(3), (6)(7).

6.      The debt at issue that Defendant was attempting to collect from Plaintiff was a "consumer debt," as defined by Tex. Fin. Code § 392.001(2).

## III. JURISDICTION AND VENUE

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334, and 1367.

8.      Venue is proper in this district, because Defendant transacts business in this district, the bankruptcy was filed in this district, and the conduct complained of occurred in this district.

## IV. FACTUAL ALLEGATIONS

**A.      Plaintiff Filed a Chapter 7 Bankruptcy, Surrendered the Collateral Property and Received a Discharge of His Personal Liability for the Subject Debt.**

9.      On November 25, 2019, Plaintiff filed a Chapter 7 bankruptcy in case number 19-44762-mxm7 (the "Bankruptcy Case") in the Northern District of Texas Bankruptcy Court, Fort Worth Division (the "Bankruptcy Court"), and listed Defendant on Schedule D as a secured

creditor with an account number ending in 0129 (the "Account"), secured by property at 1902 18th Ave., Kenosha, WI 53140 (the "Property").

10.     A true and correct copy of relevant portions of Plaintiff's Schedule D is attached hereto as Exhibit "A."

11.     With his Chapter 7 Petition, on November 25, 2019, Plaintiff filed his Statement of Intention for Individuals Filing Under Chapter 7 indicating that he was surrendering the Property, which relieved Defendant from any and all legal duty under any state or federal statute to send Plaintiff notices concerning the Property other than what was necessary to foreclose its security interest therein.    To the extent Defendant alleges it had to send Plaintiff loan-related communications pursuant to the Truth in Lending Act, Regulation Z, 12 CFR 1026 ("TILA" or "Regulation Z") wholly fails, as Regulation Z only pertains to sending periodic statements, not all of the types of letters at issue here.   At all relevant times, Defendant was exempt from Regulation Z requirements to send periodic statements to the Plaintiff, according to applicable Regulation Z exemptions pertaining to sending statements on residential mortgage loans to consumers in bankruptcy.   Plaintiff filed a Statement of Intention which gave notice to the Defendant that the Property was to be surrendered.

12.     A true and correct redacted copy Plaintiff's Statement of Intention is attached hereto as Exhibit "B."

13.     On November 28, 2019, the Bankruptcy Noticing Center for the Bankruptcy Court sent a copy of the "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines" ("341 Notice") to Defendant, by email.   The 341 Notice warned all creditors, in conspicuous language, against violating the automatic stay imposed by 11 U.S.C. § 362.

14.     On December 11, 2019, Defendant filed a Motion for Relief from Automatic Stay as to enforcing its in rem rights as to the Property.

15.     On December 30, 2019, the Court granted Defendant's unopposed Motion for Relief From the Automatic Stay as to the Property.

16.     A true and correct copy of the Court's Order granting Defendant's Motion for Relief from the Automatic Stay is attached hereto as Exhibit "C."

17.     On March 25, 2020, the Bankruptcy Court issued an order granting Plaintiff a discharge ("Discharge Order"). The Discharge Order followed Official Form 318, including the explanatory language contained therein. The Discharge Order discharged Plaintiff from any liability for the debt created by the Account. Included with the Discharge Order was an explanation of the general injunction prohibiting any attempt to collect discharged debts, warning all creditors, in conspicuous language, that "**Creditors cannot collect discharged debts**" and that "Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees."

18.     A true and correct redacted copy of Plaintiff's Discharge Order is attached hereto as Exhibit "D."

19.     On March 28, 2020, the Bankruptcy Noticing Center sent a copy of the Discharge Order to Defendant by email. The Discharge Order constituted notice to Defendant of the discharge granted in Plaintiff's Bankruptcy Case and the replacement of the automatic stay of 11 U.S.C. § 362 with the discharge injunction imposed by 11 U.S.C. § 524(a).

20.     At no time did Defendant object to the manner in which the Account was listed in Schedule D.

21.     At no time did Plaintiff reaffirm the debt on the Account with any person or entity.

22.     At no time did the Bankruptcy Court declare the debt on the Account to be non-dischargeable.

**B.     During Plaintiff's Bankruptcy Case and After He Had Surrendered the Property, Defendant Made Harassing Contacts with Plaintiff and Attempted to Collect the Debt from Him.**

23.     While Plaintiff's Bankruptcy Case was pending and after he surrendered the Property, while the automatic stay was in effect, Defendant contacted Plaintiff about the Account to coerce or deceive him into making payments on the Account by: 1) calling Plaintiff numerous times and 2) sending Plaintiff mortgage statements with payment coupons, notices and other correspondences.

**1)     During the Bankruptcy Case, Defendant Made Prohibited Calls**.

24.     Beginning on or before January 20, 2020, Defendant's employees or agents called Plaintiff on his cell phone on numerous occasions regarding the Account and his intentions, asking for payments or other actions to benefit Defendant.  Plaintiff objected to these calls and, on numerous occasions, advised the callers of the bankruptcy and automatic stay and asked them not to contact him about the Property or the Account.  Defendant also left messages when the Plaintiff did not answer which stated the calls were related to an attempt to collect a debt.  During some of the calls, Plaintiff told Defendant to stop calling him as he had filed bankruptcy and told Defendant's representatives to contact his bankruptcy lawyer.

25.     On January 20, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

26.     A true and correct redacted copy of a screenshot from Plaintiff's cell phone documenting such call is attached as Exhibit "E."  Plaintiff has copies of screenshots documenting all the voicemails received during the pendency of the bankruptcy which are substantially identical to Exhibit "E" except for the dates.

27.     On January 22, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

28.     On January 29, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

29.     On February 6, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

30.     On February 12, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

31.     On February 13, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

32.     On February 19, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

33.     On February 21, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

34.     On February 27, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

35.     On March 18, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

36.     On March 20, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

37.     On March 23, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

**C.     After Plaintiff's Bankruptcy was Discharged, Defendant Made Harassing Contacts with Plaintiff and Attempted to Collect the Debt from Him.**

38.     Following the March 25, 2020 entry of the Discharge Order in Plaintiff's Bankruptcy Case, Defendant engaged in prohibited debt collection activity against Plaintiff on the Account by calling him and leaving voice messages, sending correspondences, notices, and billing statements, to coerce and deceive Plaintiff into paying on the discharged debt or take actions to financially benefit Defendant to his detriment.

39.     As examples, on March 31, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

40.     A true and correct redacted copy of the screenshot documenting the March 31, 2020 voicemail is attached hereto as Exhibit "F."  Plaintiff has copies of screenshots documenting all the post-discharge voicemails which are substantially identical to Exhibit "F" except for the dates.

41.     On April 3, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

42.     On April 14, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

43.     On April 16, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

44.     On April 20, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

45.     On April 22, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

46.     On April 24, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

47.     On April 28, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

48.     On April 30, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

49.     On May 6, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

50.     On May 11, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

51.     On May 13, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

52.     On May 15, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

53.     On May 26, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

54.     On May 28, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

55.     On June 1, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

56.     On June 3, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

57.     On June 5, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

58.     On June 11, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

59.     On June 15, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

60.     On June 17, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

61.     On June 19, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

62.     On June 23, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

63.     On June 30, 2020, Defendant called Plaintiff on his cell phone from telephone number (562) 246-8959 and left a voice mail message asking Plaintiff to call them regarding his Account.

64.     On or about December 22, 2020, Defendant sent Plaintiff a Consumer Privacy Notice and Opt Out Options for the Account, even though the Property had been surrendered and the debt discharged many months earlier.

65.     A true and correct redacted copy of December 22, 2020 notice Defendant sent to Plaintiff is attached hereto as Exhibit "G."

## V. GROUNDS FOR RELIEF - COUNT I

## TEXAS FINANCE CODE – TEXAS DEBT COLLECTION ACT (TDCA)

66.     Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs, as if fully rewritten here.

67.     Defendant has violated the Texas Finance Code in numerous ways, including, but not limited to, the following:

a)      Tex. Fin. Code § 392.301(a)(8) prohibits Defendant from taking an action prohibited by law. Inasmuch as: 1) the bankruptcy automatic stay and discharge injunction prohibit anyone from attempting to collect debts included or discharged in bankruptcy, *in personam*; and 2) the common law protects Plaintiff's privacy rights, Defendant's actions against Plaintiff also violated the TDCA. They were threats of further illegal and harassing collections and contacts from Defendant to Plaintiff in violation of the TDCA;

b)      Tex. Fin. Code § 392.304(a)(8) prohibits misrepresenting the character, extent, or amount of Plaintiff's debt. Defendant misrepresented to Plaintiff, through telephone calls, statements and letters representing that there were periodic payments due and owing by a specific date, with fees accruing and that the Account, which had been discharged, was past due and owing and were to deceive Plaintiff into paying the discharged debt. These were misrepresentations of the character, extent or amount of the subject debt, in violation of the TDCA; and

c)      Tex. Fin. Code § 392.304(a)(19) prohibits Defendant's use of false representations or deceptive means to collect a debt. In addition to the reasons stated in the preceding paragraphs, Defendant also mispresented that it sent monthly statements for compliance and/or informational purposes when it was aware that Regulation Z exempted Defendant from sending monthly statements post-discharge as Plaintiff had listed the Property as surrendered in his Statement of Intention. Given that Plaintiff had agreed to allow Defendant to foreclose, there was no information contained in them that Plaintiff needed to see. Defendant intentionally tried to coerce or deceive Plaintiff into paying the debt, while Defendant knew the Account was discharged in Plaintiff's bankruptcy, rendering the debt legally uncollectible from Plaintiff in personam.

68.     Under Tex. Fin. Code Ann. § 392.403, Defendant's actions make it liable for Plaintiff's actual damages, statutory damages, injunctive relief, costs, and reasonable attorney's fees. Also, Plaintiff's injuries resulted from Defendant's malice, actual fraud and/or willful and intentional misconduct, entitling Plaintiff to recover punitive damages.

69.     Because of Defendant's conduct, Plaintiff was forced to hire counsel to pursue this action, and Plaintiff's recoverable damages include his reasonable attorney's fees incurred in prosecuting this claim.

## VI.  Grounds for Relief- Count II

### Invasion of Privacy

70.     Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs, as if fully rewritten here.

71.     At all pertinent times, Plaintiff had a reasonable and lawful expectation not to be contacted and harassed by Defendant during the pendency of his bankruptcy and after the Account had been discharged.  Thus, Defendant's collection calls to Plaintiff and sending of statements and letters were invasions of Plaintiff's privacy rights.  These wrongful acts of Defendant caused injury to Plaintiff.

72.     Defendant's wrongful acts were invasions of Plaintiff's privacy rights and caused injury to Plaintiff, which resulted in extreme emotional anguish, loss of time and inconvenience. Plaintiff's injuries resulted from Defendant's malice, which entitles Plaintiff to exemplary damages under Texas Civil Practice and Remedies Code §41.003(a).

## VII.  Grounds for Relief – Count III

### Violation of the Automatic Stay

73.     Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs, as if fully rewritten herein.

74.     At all material times, Defendant had actual knowledge of Plaintiff's Bankruptcy Case and of the automatic stay prohibiting any attempt to collect on the Account.

75.     Defendant attempted to collect from Plaintiff personally on the Account or to get Plaintiff to take action to benefit the Defendant, as evidenced by Defendant's collection calls it made to Plaintiff during his Bankruptcy Case, sending of statements and other notices and

correspondences to Plaintiff, and misrepresentations made to Plaintiff related to and stemming from the foregoing actions.

76.     Defendant violated the part of the Bankruptcy Court's Automatic Stay pertaining to 11 U.S.C. § 362(a)(1) which "operates as a stay, applicable to all entities, of—the commencement or continuation, including the issuance of employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;…" regarding all of Defendant's prohibited harassing and collection actions it took at issue during the pendency of the Bankruptcy Case by making the collection calls and by sending the statements, notices and letters at issue to Plaintiff, when Defendant had actual knowledge about Plaintiff's Bankruptcy Case and the automatic stay, which went into effect when the Bankruptcy Case was filed and prohibited all creditors and debt collectors from contacting Plaintiff to furtherance of *in personam* collections against Plaintiff of pre-petition debt during the pendency of the Bankruptcy Case.

77.     Notwithstanding Defendant's knowledge of Plaintiff's Bankruptcy Case, Defendant failed to cease its *in personam* debt collection activity on the Account and debt at issue when it became aware Plaintiff filed for bankruptcy protection and while his case was active and pending, as evidenced by Defendant's collection activity at issue during Plaintiff's Bankruptcy Case.

78.     Defendant knowingly and willfully violated the orders and injunctions of the Bankruptcy Court issued in the bankruptcy filed by Plaintiff.  After this prima facie showing by Plaintiff, the duty falls on Defendant to show, as its only defense, a present inability to comply with the orders and injunctions of the Bankruptcy Court, which inability must go beyond a mere

assertion of inability.  Failing a showing by Defendant of its present inability to comply with the orders and injunctions of the Bankruptcy Court, Plaintiff must prevail on his claims, and Defendant must be held liable for knowingly and willfully violating the orders and injunctions of the Bankruptcy Court.  Any defense put forth by Defendant in this proceeding can only constitute a good faith exception, as no other reasonable explanation can be made for the conduct and actions of Defendant.  Any allegation of a good faith exception should not be allowed.

79.      There are no exceptions under 11 U.S.C. § 362, other provisions of the United States Bankruptcy Code, or other applicable law that would permit Defendant's conduct, which was in blatant disregard of the automatic stay.

80.      Prior to Defendant's actions at issue, Plaintiff had surrendered the Property and filed.  The totality of Defendant's pre-discharge actions at issue, as well as the individual actions, constitute violations of the automatic stay as set forth in 11 U.S.C. §§ 362.

81.      The orders and injunctions of the Bankruptcy Court cannot be waived, except by way of a properly filed and approved reaffirmation agreement, motion, stipulation or complaint, none of which occurred here.  No waiver of the orders or injunctions of the Bankruptcy Court has occurred.

82.      Also, there is no requirement of mitigation on the part of Plaintiff that is relevant to Defendant's violations of the orders and injunctions of the Bankruptcy Court.  Any burdening of Plaintiff with an obligation to police the misconduct of Defendant would be a complete derogation of the law.  It is well-settled that each party to an injunction or order of the Court is responsible for ensuring its own compliance with the injunction or order and for bearing the cost of compliance.  Any attempt by Defendant to mount such a defense would constitute a collateral attack on the injunctions and orders of the Bankruptcy Court in this proceeding, which is

prohibited.  Any such defense put forth by Defendant in this case can only constitute a claim of mitigation, as no other reasonable explanation can be made for the conduct and actions of Defendant.  No defense of failure to mitigate should be allowed.

83.     Plaintiff has been injured and damaged by Defendant's actions, and Plaintiff is entitled to recover judgment against Defendant for actual damages and punitive damages, plus an award of costs and reasonable attorney's fees, for Defendant's violations of 11 U.S.C. § 362 and pursuant to the Court's powers under 11 U.S.C. § 105.

## VIII.  GROUNDS FOR RELIEF- COUNT IV

### VIOLATION OF THE DISCHARGE INJUNCTION

84.     Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above, as if set forth herein in its entirety.

85.     At all material times, Defendant had actual knowledge of Plaintiff's Bankruptcy Case and of the discharge of the debt on the Account.

86.     The Defendant attempted to collect the discharged debt or to get Plaintiff to take action to benefit the Defendant, as evidenced by its letters, notices, statements and telephone calls made to Plaintiff when the Defendant was fully aware of both the Plaintiff's bankruptcy filing and the bankruptcy discharge.

87.     Defendant's actions were willful acts in furtherance of its efforts to collect the discharged debt from Plaintiff in violation of the discharge injunction imposed by 11 U.S.C. § 524(a).  Further, Defendant's acts were harassing and attempts to coerce and deceive Plaintiff to pay the discharged debt.  Defendant's failure to comply with the aforesaid laws, despite Defendant being on notice of Plaintiff's Bankruptcy Case and discharge and the effect of Plaintiff's discharge, illustrates Defendant's utter contempt for federal law and the discharge injunction.

88.     The actions of Defendant constitute harassment and coercive and/or deceptive actions taken to collect a discharged debt from Plaintiff in gross violation of the discharge injunction imposed by 11 U.S.C. § 524(a)(1)-(3).

89.     Defendant knowingly and willfully violated the orders and injunctions of the Bankruptcy Court issued in the bankruptcy filed by Plaintiff.  After this prima facie showing by Plaintiff, the duty falls on Defendant to show, as its only defense, a present inability to comply with the orders and injunctions of the Bankruptcy Court, which inability must go beyond a mere assertion of inability.  Failing a showing by Defendant of its present inability to comply with the orders and injunctions of the Bankruptcy Court, Plaintiff must prevail on his claims, and Defendant must be held liable for knowingly and willfully violating the orders and injunctions of the Bankruptcy Court.  Any defense put forth by Defendant in this proceeding can only constitute a good faith exception, as no other reasonable explanation can be made for the conduct and actions of Defendant.  Any allegation of a good faith exception should not be allowed.

90.     Specifically, Defendant violated the part of the Bankruptcy Court's Discharge Order issued pursuant to 11 U.S.C. § 524(a)(2) that "operates as an injunction against the commencement, or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtors, whether or not the discharge of such debt is waived . . ."

91.     There are no exceptions under 11 U.S.C. § 524, other provisions of the United States Bankruptcy Code, or other applicable law that would permit Defendant's conduct, which was in blatant disregard of the discharge injunction.

92.     The orders and injunctions of the Bankruptcy Court cannot be waived, except by way of a properly filed and approved reaffirmation agreement, motion, stipulation or complaint,

none of which occurred here.  No waiver of the orders or injunctions of the Bankruptcy Court has occurred.

93.     Also, there is no requirement of mitigation on the part of Plaintiff that is relevant to Defendant's violations of the orders and injunctions of the Bankruptcy Court.  Any burdening of Plaintiff with an obligation to police the misconduct of Defendant would be a complete derogation of the law.  It is well-settled that each party to an injunction or order of the Court is responsible for ensuring its own compliance with the injunction or order and for bearing the cost of compliance.  Any attempt by Defendant to mount such a defense would constitute a collateral attack on the injunctions and orders of the Bankruptcy Court in this proceeding, which is prohibited.  Any such defense put forth by Defendant in this case can only constitute a claim of mitigation, as no other reasonable explanation can be made for the conduct and actions of Defendant.  No defense of failure to mitigate should be allowed.

94.     Plaintiff has been injured and damaged by Defendant's actions, and Plaintiff is entitled to recover judgment against Defendant for actual damages and punitive damages, plus an award of costs and reasonable attorney's fees, for Defendant's violations of 11 U.S.C. § 524 and pursuant to the Court's powers under 11 U.S.C. § 105.

## IX.  RESPONDEAT SUPERIOR AND VICARIOUS LIABILITY

95.     After a reasonable time to conduct discovery in this case, Plaintiff believes he will be able to show that all actions at issue were taken by employees, agents, servants, or representatives of any type for Defendant in the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability on Defendant for all actions at issue under a theory of *respondeat superior* and/or vicarious liability.

## X. DAMAGES

96.     In addition to any damages previously stated hereinabove, the conduct at issue of Defendant has proximately caused Plaintiff past and future monetary loss, mental distress, emotional anguish, migraine headaches, insomnia, and a discernable injury to Plaintiff's emotional state, and other damages, evidence for all of which will be presented to the jury.  Some days, Plaintiff was unable to go to work due to the stress from the calls causing migraine headaches. Moreover, dealing with the consequences of Defendant's actions has cost Plaintiff time and mental energy, which are precious to him.  Because Defendant's harassment was continuous and it failed to stop after repeated cease and desist requests, Plaintiff was concerned that something had gone wrong with the bankruptcy and was concerned that the debt was somehow not discharged.

97.     Plaintiff believes that, after reasonable discovery in this case, he will be able to show that all actions taken by, or on behalf of, Defendant were conducted maliciously, wantonly, recklessly, intentionally, knowingly, and/or willfully, with the desire to harm Plaintiff, with the actual knowledge that such actions were in violation of the law.

98.     Plaintiff believes that, after reasonable discovery, he will be able to show that Defendant's actions at issue are an integral part of Defendant's illegal design, implemented in its policies and procedures, to profit by harassing unsophisticated debtors and collecting debts that had been included in the debtors' bankruptcy case.

99.     Plaintiff believes that, after reasonable discovery, he will be able to show that Defendant has been involved in numerous disputes involving complaints about the type of conduct at issue here; nevertheless, Defendant, intentionally and knowingly, has refused to correct its policies and comply with applicable laws, of which laws Defendant is well aware.

100.    Plaintiff believes that, after reasonable discovery, he will be able to show that Defendant has engaged in a pattern and practice of wrongful and unlawful behavior, in accordance with its established policies and procedures, with respect to knowingly, willfully, intentionally, and maliciously attempting to collect on debts included in bankruptcy.  Accordingly, Defendant is subject to punitive damages, statutory damages, and all other appropriate measures necessary to punish and deter similar future conduct by Defendant.  Moreover, Plaintiff's injuries resulted from Defendant's malice, and/or willful and intentional misconduct, entitling Plaintiff to punitive damages.

101.    Due to Defendant's conduct, Plaintiff was forced to hire counsel, and his damages include reasonable attorney's fees incurred in prosecuting his claims.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Kenneth D. Jones prays the Court:

A.      Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, costs, and reasonable and necessary attorney's fees for Defendant's violations of the TDCA, invasion of privacy and violations of the automatic stay and discharge injunction,

B.      Find that appropriate circumstances exist for an award of punitive damages to Plaintiff,

C.      Award Plaintiff pre-judgment and post-judgment interest as allowed by law, and

D.      Grant such other and further relief, in law or equity, to which Plaintiff might show he is justly entitled.

Respectfully submitted,


/s/ James J. Manchee
James J. Manchee
State Bar Number 00796988
jim@mancheelawfirm.com
MANCHEE & MANCHEE, PC
5048 Tennyson Parkway, Suite 250
Plano, Texas 75024
(972) 960-2240 (telephone)
(972) 233-0713 (fax)

COUNSEL FOR PLAINTIFF


## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:
April 12, 2021                    /s/ James J. Manchee
                                  James J. Manchee